**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REDGUARD, LLC** *Plaintiff* | § | |
| v. | § | |
| | § | **Civil Action No.** 4:25-cv-02545 |
| **ATLANTIC OCEANIC, LLC,** *Defendant.* | § | |

**PLAINTIFF REDGUARD, LLC'S ORIGINAL COMPLAINT**

Plaintiff RedGuard, LLC ("RedGuard") files this *Original Complaint* against Defendant, Atlantic Oceanic, LLC ("Atlantic") and respectfully shows the Court as follows:

**PARTIES**

1. RedGuard is a limited liability company organized under the laws of the State of Kansas with its principal place of business located at 4340 S. West St. Wichita, KS 67217. All of RedGuard's members are citizens of Kansas.

2. Atlantic is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 174 Union St. New Bedford, MA 02740. Upon information and belief, Atlantic's members are citizens of the Massachusetts and the United Kingdom. Upon further information and belief, Clair Greenhalgh, Atlantic's President and member is a U.S. citizen domiciled in Massachusetts; Atlantic's only other member, Paul Crowther, is a resident and citizen of the United Kingdom.

**JURISDICTION & VENUE**

3. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost. Complete diversity exists between the parties. RedGuard is a citizen of Kansas

and Atlantic is a citizen of Massachusetts and the United Kingdom. The amount in controversy exceeds jurisdictional limits because RedGuard is seeking over $75,000 in damages.

4. Per the parties' agreement described below, a copy of which is attached hereto as **EXHIBIT A**, the "venue for any lawsuit arising from or in connection with these Terms shall be the U.S. District Court for the Southern District of Texas, or the State Courts of Harris County, TX." *See* Exhibit A: Agreement at § 21.

## FACTUAL BACKGROUND

5. RedGuard is a company with several divisions, which are engaged in the manufacturing, selling, and leasing of portable buildings for applications in various settings.

6. Armoda, a division of RedGuard, designs and supplies portable modular structures for the oil, gas, and maritime industries. Armoda's portable structures include housing units that are sometimes used on maritime vessels.

7. On or about April 3, 2023, Armoda delivered and installed several portable housing units and associated equipment (the "Leased Property") aboard a vessel operated by non-party ThayerMahan.

8. Thereafter, on June 12, 2024, Atlantic assumed responsibility for the Leased Property from ThayerMahan and Atlantic submitted Purchase Order No. PO-000177 (the "Purchase Order") to Armoda for the continued lease of the Leased Property for Atlantic's maritime operations.

9. The purchase order was governed by certain terms and conditions that were negotiated between the parties (the "Terms and Conditions," and collectively with the Purchase Order, the "Agreement").

10. Of relevance, the Agreement provided the following payment terms:

- "Invoices shall be due and payable within 30 days of receipt of the invoice by [Atlantic]. . . . Where a specific date for payment is set, payment must be made on or before that date." *See* Exhibit A, Agreement, at § 3.
- "A default by [Atlantic] includes, for example, Lessee's failure to make any payment on time . . . ." *Id.* at § 13.

11. After accepting Atlantic's Purchase Order, Armoda continued to lease the Leased Property to Atlantic for use aboard its vessel. Atlantic accepted the Leased Property and began to use the Armoda housing units.

12. Despite accepting delivery of the Leased Property, Atlantic has failed to pay RedGuard for the Leased Property.

13. As of May 27, 2025, the total unpaid balance owed by Atlantic to RedGuard is **$270,227.38**, exclusive of amounts which have continued to accrue under the Agreement after May 27, 2025, including but not limited to interest, attorneys' fees, and costs. An itemized account statement is provided as follows, and copies of the invoices (collectively, the "Invoices") referenced below are attached hereto as *in globo* **EXHIBIT B**.

| Invoice No. | Invoice Date | Invoice Due Date | Invoice Amount |
|---|---|---|---|
| **0328785-IN** | 6/30/2024 | 7/30/2024 | $13,585.00 |
| **0335456-IN** | 7/31/2024 | 8/30/2024 | $22,165.00 |
| **0342002-IN** | 8/31/2024 | 9/30/2024 | $22,165.00 |
| **0347987-IN** | 9/30/2024 | 10/30/2024 | $21,450.00 |
| **0348087-IN** | 9/30/2024 | 10/30/2024 | $5,675.37 |
| **0354431-IN** | 10/31//2024 | 11/30/2024 | $22,165.00 |
| **0360198-IN** | 11/30/2024 | 12/30/2024 | $21,450.00 |
| **0367470-IN** | 12/31/2024 | 1/31/2025 | $22,165.00 |
| **0373651-IN** | 1/31/2025 | 3/2/2025 | $22,165.00 |
| **0379365-IN** | 2/28/2025 | 3/30/2025 | $20,020.00 |
| **0385351-IN** | 3/31/2025 | 4/30/2025 | $22,165.00 |
| **0391652-IN** | 4/30/2025 | 5/20/2025 | $21,450.00 |
| **0397094-IN** | 5/27/2025 | 6/26/2025 | $33,607.01 |
| | | **Total:** | **$ 270,227.38** |

14. From late 2024 through early 2025, RedGuard representatives corresponded with Atlantic concerning the past due Invoices listed above and the return of the Leased Property. In these communications, Atlantic acknowledged the outstanding balance. Atlantic offered no repayment plan or concrete timeline for resolution.

15. Upon information and belief, Atlantic is also no longer in possession of the Leased Property, having sold the vessel on which the Leased Property was installed. Notably, Atlantic did not coordinate the return of the Leased Property to Armoda prior to Atlantic's sale of its vessel. Nor did Atlantic disclose the sale of the vessel to Armoda.

16. The Leased Property has now been recovered. After Atlantic sold the vessel on which the Leased Property was installed, RedGuard coordinated directly with the new vessel owner for the return of the Leased Property. The Leased Property was returned to RedGuard on May 15, 2025.

17. Under the Agreement's terms, charges for the Leased Property continue to accrue monthly, yet Atlantic has failed to pay any portion of the amounts due, despite having accepted delivery and derived the benefit of the Leased Property.

18. By failing to remit payment and transferring the equipment without arranging for its return, Atlantic has breached the parties' agreement. As a result, Armoda has been deprived of the benefit and use of its Leased Property and has suffered substantial monetary losses associated with Atlantic's nonpayment.

## CAUSES OF ACTION

19. RedGuard incorporates by reference all preceding paragraphs as if fully set forth in herein. RedGuard's causes of action below are pled both together and in the alternative.

## COUNT I – BREACH OF CONTRACT

20. RedGuard and Atlantic are parties to a valid and enforceable contract (*i.e.,* the Agreement). Atlantic submitted the Purchase Order to RedGuard for the Leased Property. The Purchase Order incorporated negotiated Terms and Conditions requiring payment within thirty days of invoice receipt. RedGuard accepted the Purchase Order, and the parties agreed to the Terms and Conditions, which resulted in both parties' acceptance of the Agreement. These actions created a valid and enforceable contract.

21. RedGuard fully performed under the terms of the Agreement.

22. RedGuard furnished the Leased Property and made the Leased Property available for Atlantic's use. RedGuard also issued Invoices in accordance with the Agreement.

23. All conditions precedent to Atlantic's performance have been performed. RedGuard made the Leased Property available to Atlantic and issued Invoices, satisfying all requirements necessary to trigger Atlantic's payment obligations. No further performance was required of RedGuard as a condition of Atlantic's payment obligations.

24. Atlantic breached the contract between the parties. Atlantic failed to remit any payment in response to RedGuard's Invoices and transferred possession of the Leased Property by selling the vessel that the Leased Property was installed upon without coordinating its return or notifying RedGuard.

25. As a natural, probable, and foreseeable consequence of Atlantic's breach, RedGuard has been injured. Because of Atlantic's nonpayment and failure to return the Leased Property, RedGuard has been deprived of rental income and the use of its property. In addition, RedGuard has incurred costs to recover, transport, and restore the Leased Property to its pre-rental condition. RedGuard also continues to suffer monetary damages and costs (including attorney fees,

which it seeks to collect herein) associated with enforcing the terms of the Agreement because of Atlantic's breach.

**COUNT II – PROMISSORY ESTOPPEL**

26. Alternatively, Atlantic is liable under promissory estoppel. Atlantic made a promise to RedGuard. Atlantic submitted a Purchase Order to RedGuard for the Leased Property and promised to agree to the Terms and Conditions the Purchase Order. The Purchase Order included payments terms which required Atlantic to remit payment to RedGuard within thirty days of receiving each invoice. By issuing this Purchase Order and accepting delivery of the Leased Property, Atlantic represented and promised it would pay RedGuard for the use of the Leased Property.

27. RedGuard reasonably, substantially, and detrimentally relied on Atlantic's promise. RedGuard delivered and installed the Leased Property on Atlantic's vessel and forewent the opportunity to lease its property to other paying customers. Had Atlantic not promised to pay for the Leased Property, RedGuard would not have otherwise undertaken these actions.

28. RedGuard's reliance on Atlantic's promise was reasonably foreseeable. It was reasonably foreseeable that RedGuard would not have delivered the Leased Property absent a promise to pay. Not only did Atlantic submit a Purchase Order—a document which by its very name and function contemplates payment—but it did so in the context of a commercial transaction involving the lease of equipment and materials.

29. Injustice can be avoided only by enforcing Atlantic's promise. Absent enforcement of Atlantic's promise, RedGuard will bear the full financial burden of equipment and services it provided in good faith. RedGuard has lost the use of its Leased Property, remains unpaid, and has suffered substantial financial harm.

## COUNT III – QUANTUM MERUIT / UNJUST ENRICHMENT

30. Alternatively, Atlantic is liable under quantum meruit. RedGuard provided valuable services and materials to Atlantic. Specifically, RedGuard made the Leased Property available to Atlantic and Atlantic used the Leased Property in its maritime operation.

31. Atlantic also accepted the services and materials RedGuard provided Atlantic. Again, Atlantic used the Leased Property in its maritime operation.

32. Atlantic knew and/or had reasonable notice that RedGuard expected compensation for the services and materials RedGuard provided Atlantic. Atlantic submitted a Purchase Order—which by its very name contemplates payment—received multiple Invoices from Redguard following delivery of the Leased Property and acknowledged the outstanding balance in communications with RedGuard.

33. Atlantic benefitted from the materials and services RedGuard provided because the Leased Property was on Atlantic's vessel to support Atlantic's maritime operations. This benefit was retained without payment, even after Leased Property was transferred to a third party as part of Atlantic's sale of the vessel.

## ATTORNEYS' FEES, COSTS, DAMAGES, AND INTEREST

34. As a direct result of Atlantic's actions described herein, RedGuard was required to retain the undersigned attorneys. RedGuard has and will continue to incur reasonable and necessary attorneys' fees, expenses, and costs of court to pursue the damages owed to RedGuard by Atlantic. Redguard is entitled to recover attorneys' fees and costs from Atlantic under the Agreement and Section 38.001 of the Texas Civil Practices and Remedies Code. RedGuard seeks recovery of all reasonable and necessary attorneys' fees for any post-award work.

35. All conditions precedent to the recovery of the damages set forth herein, including recovery of their attorneys' fees, have occurred or been performed. A copy of correspondence sent by counsel for RedGuard pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code is attached hereto as **EXHIBIT C**.

**RESERVATION OF RIGHTS**

**36.** RedGuard reserves all rights to amend this Complaint to assert any additional causes of action against Atlantic that arise from the facts alleged above or otherwise. Atlantic further reserves the right to supplement the damages asserted above as additional amounts continue to accrue under the Agreement and to collect such amounts as part of its damages herein.

**PRAYER**

For these reasons, Plaintiff RedGuard, LLC respectfully requests that judgment be rendered herein against Defendant Atlantic Oceanic, LLC as follows:

a) All damages pled above;

b) Judgment against Defendant Atlantic Oceanic, LLC for the sum of RedGuard's actual damages;

c) Reasonable and necessary attorneys' fees;

d) All costs of court;

e) Pre- and post-judgment interest;

f) Enforcement of the Agreement; and

g) All other relief to which RedGuard may be justly entitled.

Date: June 2, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Lacey E. Rochester*

**Lacey Rochester**
Federal No. 2394748
**Emma Perez McKellar**
Texas Bar No. 24137992
Federal No. 3862870
lrochester@bakerdonelson.com
emckellar@bakerdonelson.com
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone

**ATTORNEYS FOR PLAINTIFF REDGUARD, LLC**